IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS,<br><br>Plaintiff,<br><br>vs.<br><br>RN HELEN THORNTON; RN FRANCES SSEMPEBWA; DR. EDWARD BIRDSONG; DR. KUMAR; DR. POMPAN; DR. JOHN DOWBAK; DR. ELIZABETH B. SCHNEIDER; DR. T.W. WY; DR. BRIGHT; RANDY GROUNDS,<br><br>Defendants | Nos. C 13-0714 WHA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING APPOINTMENT OF COUNSEL**<br><br>(Dkt. 8) |

## INTRODUCTION

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint (dkt. 6) is dismissed with leave to amend.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff filed a motion for preliminary injunctive relief (dkt 1). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). A temporary restraining order ("TRO") may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R.

Civ. P. 65(b). Plaintiff has neither notified the defendants of his request nor submitted the required certification of his efforts to do so and why they have failed. Accordingly, the motion for a preliminary injunction must be denied.

Plaintiff's complaint (dkt. 6) describes in narrative form a knee injury sustained in August 2012 and the medical care he received over the course of approximately the next eighteen months. The medical care included many doctor visits, transportation to outside hospitals, x-rays, M.R.I.'s, a knee surgery, lab work and prescriptions for pain and antibiotics. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff complains that the care he received was not sufficient and he lists ten different defendants. Given the amount of medical attention and care he received, it is not at all clear that the allegations, even when assumed true and liberally construed in plaintiff's favor, plausibly amount to deliberate indifference to plaintiff's medical needs on the part of all ten defendants. Indeed, plaintiff does not allege deliberate indifference and does not even include in his complaint any claims, let alone Eighth Amendment claims. It is possible that plaintiff could state a cognizable Eighth Amendment claim against one or more of the defendants, but in order to do so he must list such a claim in the complaint, the claim must list the defendant(s) liable on that claim, and plaintiff must describe in the claim the specific medical care that each named defendant provided or failed to provide that constitutes deliberate indifference to his serious medical needs. He will be given leave to file an amended complaint to do so.

## CONCLUSION

For the reasons set out above, it is hereby ordered as follows:

1. The complaint is **DISMISSED** with leave to amend, as described above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 13-0741 WHA (PR) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the

original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The motion for "appointment" of counsel (dkt. 8) is **DENIED** because there is no right to counsel in a civil case and this case presents no extraordinary circumstances at this stage that warrants such an appointment.

IT IS SO ORDERED.

Dated: April ____, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.13\SESSOMS0714.LTA.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS,<br><br>    Plaintiff,<br><br>vs.<br><br>RN HELEN THORNTON; RN FRANCES SSEMPEBWA; DR. EDWARD BIRDSONG; DR. KUMAR; DR. POMPAN; DR. JOHN DOWBAK; DR. ELIZABETH B. SCHNEIDER; DR. T.W. WY; DR. BRIGHT; RANDY GROUNDS,<br><br>    Defendants | Nos.  C 13-0714 WHA (PR)<br><br>**GRANT OF IN FORMA PAUPERIS STATUS**<br><br>(Docket No. 3, 7) |

Plaintiff's application for permission to proceed in forma pauperis (dkt. 3, 7) is **GRANTED**. In view of plaintiff's income and account balance over the last six months, no initial partial filing fee is due. *See* 28 U.S.C. 1915(b)(1). Funds for the filing fee will be taken from income to plaintiff's account in accordance with 28 U.S.C. 1915(b)(2). A copy of this order and the attached instructions will be sent to the plaintiff, the prison trust account office, and the financial office.

**IT IS SO ORDERED.**

Dated: April ___, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.13\SESSOMS0714.IFP.wpd

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

    The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

    Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
       Finance Office

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TIO DINERO SESSOMS,

        Plaintiff,

v.

HELEN THORNTON et al,

        Defendant.
_____/

Case Number: CV13-00714 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tio Dinero Sessoms T-54046
C8/102
P O Box 1050
Soledad, CA 93960

Dated: May 1, 2013

                                            Richard W. Wieking, Clerk
                                            By: Liz Noteware, Deputy Clerk