1  IVOR SAMSON (State Bar No. 52767)
   ivor.samson@dentons.com
2  BONNIE LAU (State Bar No. 246188)
   bonnie.lau@dentons.com
3  JESSICA L. DUGGAN (State Bar No. 271703)
   jessica.duggan@dentons.com
4  DENTONS US LLP
   525 Market Street, 26th Floor
5  San Francisco, California 94105-2708
   Telephone:   (415) 882-5000
6  Facsimile:   (415) 882-0300

7  Attorneys for Plaintiff TIO DINERO SESSOMS

8  KAMALA D. HARRIS
   Attorney General of California
9  JOHN P. DEVINE
   Supervising Deputy Attorney General
10 SUSAN J. KAWALA (State Bar No. 178612)
   Susan.Kawala@doj.ca.gov
11 Deputy Attorney General
   455 Golden Gate Avenue, Suite 11000
12 San Francisco, CA 94102-7004
   Telephone:   (415) 703-5708
13 Facsimile:   (415) 703-5480

14 Attorneys for Defendant DARRIN BRIGHT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIO DINERO SESSOMS,<br><br>   Plaintiff,<br><br>   v.<br><br>R.N. HELEN THORNTON; R.N. FRANCES SSEMPEBWA; DR. EDWARD BIRDSONG; DR. KUMAR; DR. POMPAN; DR. JOHN DOWBAK; DR. ELIZABETH B. SCHNEIDER; DR. T.W. WY; DR. BRIGHT; DR. A. ADAMS; G. ELLIS; RANDY GROUNDS,<br><br>   Defendants. | Case No. CV 13-0714 WHA (PR)<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND SUMMARY JUDGMENT AND CASE MANAGEMENT HEARING DATES AND FILING DEADLINES** |

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**STIPULATION**

Plaintiff Tio Dinero Sessoms and Defendant Darrin Bright, by and through their undersigned counsel, respectfully request that the Court enter the following stipulation pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-2 for a brief extension of (1) the opposition and reply brief deadlines and hearing date for Defendant's motion for summary judgment; and (2) the case management statement deadline and case management conference.

In support of this stipulation, the undersigned parties provide the following facts:

1. On May 5, 2015, this Court issued an order setting Defendants' deadline to file a supplemental motion for summary judgment on June 4, 2015. Due to the withdrawal of Plaintiff's former pro bono counsel, the Court referred the case to the Federal Pro Bono Project and granted Plaintiff a four-week extension of the deadline to respond. The order also stated that the Court "would also consider a reasonable motion to extend or to continue deadlines (where good cause is shown) brought by new appointed pro bono counsel." (Dkt. 91.)

2. On June 1, 2015, the Court appointed Ivor Samson, Bonnie Lau and Jessica Duggan, all of Dentons US LLP, as pro bono counsel for Plaintiff pursuant to 28 U.S.C. 1915(e)(1) and the Court's Federal Pro Bono Project guidelines. The Court set a briefing schedule on Defendants' motion for summary judgment, ordered the parties to file a joint case management statement pursuant to Civil Local Rule 16-9 and also scheduled a case management conference. (Dkt. 96.)

3. Defendant Bright filed a "Supplemental Motion for Summary Judgment" on June 4, 2015. (Dkt. 98.)

4. Pursuant to the parties' stipulation, this Court granted a brief extension of the summary judgment and case management deadlines as follows: Plaintiff's opposition brief due on August 17, 2015; Defendant's reply brief due on August 24, 2015; case management statement due on September 3, 2015; and case management conference and hearing on Defendant Bright's Supplemental Motion for Summary Judgment to be held on September 10, 2015. (Dkt. 99.)

CASE NO. CV13-00714 WHA (PR)           - 1 -           STIPULATION AND [PROPOSED] ORDER
                                                       TO EXTEND SUMMARY JUDGMENT AND
                                                       CASE MANAGEMENT DEADLINES

5. Since being appointed as Pro Bono Counsel, Plaintiff's counsel has been diligently investigating the facts, including by propounding discovery requests and deposing Defendant Bright last week, on July 29, 2015. A dispute has arisen between the parties regarding Dr. Bright's refusal to answer certain deposition questions, which may require motion practice.

- **Defendant's position:** During the deposition, counsel for Defendant Bright asserted objections to certain questions based on her assertions that the questions were manifestly irrelevant or were attempting to illicit improper expert testimony from a percipient witness, and instructed Defendant Bright not to answer those questions. Defense counsel does not believe the questions are relevant, let alone critical, to any issues presently before the Court.

- **Plaintiff's position:** Plaintiff's deposition questions directly relate to Defendant Bright's rationale for denying Plaintiff an MRI and are therefore critical to Plaintiff's opposition to the Supplemental Motion for Summary Judgment. Plaintiff's questions, which Defendant Bright refused to answer, regarding Defendant's understanding of Plaintiff's history of his knee condition, the circumstances in which a person would or would not receive an MRI for a suspected torn meniscus and his understanding of the prison policies and procedures are directly relevant to Defendant Bright's decision to deny Plaintiff's MRI. In addition, Defendant's counsel improperly instructed Defendant Bright not to answer certain questions because they purportedly elicited "expert testimony," even though Defendant has admittedly previously relied on Defendant Bright's expert opinion regarding Plaintiff's medical care. Plaintiff's counsel has prepared a motion to compel responses to those questions.

- The parties are currently in the process of meeting and conferring to potentially resolve this discovery dispute without motion practice.

CASE NO. CV13-00714 WHA (PR)   - 2 -   STIPULATION AND [PROPOSED] ORDER TO EXTEND SUMMARY JUDGMENT AND CASE MANAGEMENT DEADLINES

6.       In addition, on the day of his deposition, Defendant Bright provided two additional InterQual printouts documenting additional bases for Defendant Bright's denial of the MRI, the fundamental issue in this case.  Plaintiff's counsel promptly requested production of all InterQual records pertaining to Plaintiff, which have not yet been produced by Defendant.

- **Plaintiff's Position**: Defendant Bright has testified that the InterQual records form the basis for his denial of Plaintiff's MRI; accordingly, the other InterQual records relating to Plaintiff may be equally relevant to the denial of the MRI and to resolution of the pending summary judgment motion.  Plaintiff's document request is neither overbroad nor irrelevant, given that the InterQual criteria is now the claimed lynchpin of Defendant's entire defense, and there is no question that the request is reasonably calculated to lead to the discovery of admissible evidence.

- **Defendant's Position**: Defendant's counsel is currently working on producing relevant documents responsive to Plaintiff's request, with the understanding that counsel may object to this request as being overbroad and manifestly irrelevant if the documents pertain to conditions unrelated to the one issue remaining in this case after the initial summary judgment motion:  whether Dr. Bright was deliberately indifferent to Plaintiff's medical needs when Dr. Bright denied an MRI of Plaintiff's right knee because it did not meet the criteria to be considered medically necessary as set forth in Title 15 and InterQual.

7.       The parties are currently diligently working together to resolve their discovery disputes regarding testimony and documents that go to the heart of the pending summary judgment motion.  Resolving these issues necessitate a brief continuance of the summary judgment deadlines to accommodate the additional discovery and a potential motion to compel.  Good cause therefore exists to extend the opposition and reply deadlines and hearing date for Defendant Bright's Supplemental Motion for Summary Judgment, as well as the case management statement deadline and case management conference.

CASE NO. CV13-00714 WHA (PR)           - 3 -           STIPULATION AND [PROPOSED] ORDER
                                                                                    TO EXTEND SUMMARY JUDGMENT AND
                                                                                    CASE MANAGEMENT DEADLINES

In light of the above facts, the parties jointly request that the Court briefly extend the summary judgment and case management deadlines, and enter the following stipulation as an Order of the Court:

   A.   Plaintiff shall file his opposition brief by October 19, 2015.

   B.   Defendant shall file his reply brief by October 26, 2015.

   C.   The hearing on Defendant Bright's Supplemental Motion for Summary Judgment shall be on November 19, 2015 at 8:00 a.m.

   D.   The case management conference shall be on November 19, 2015 at 8:00 a.m.

   E.   The parties shall file a joint case management statement no later than November 12, 2015.

Dated: August 7, 2015                    Respectfully submitted,

                                         DENTONS US LLP


                                         BY:      /s/ *Bonnie Lau*
                                                   Bonnie Lau

                                         Attorneys for Plaintiff
                                         TIO DINERO SESSOMS



                                         OFFICE OF THE ATTORNEY GENERAL


                                         BY:      /s/ *Susan J. Kawala*
                                                   Susan J. Kawala

                                         Attorneys for Defendant
                                         DARREN BRIGHT

CASE NO. CV13-00714 WHA (PR)   - 4 -   STIPULATION AND [~~PROPOSED~~] ORDER
                                        TO EXTEND SUMMARY JUDGMENT AND
                                        CASE MANAGEMENT DEADLINES

DENTONS US LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**~~PROPOSED~~ ORDER**

Pursuant to Stipulation and for good cause shown,

IT IS SO ORDERED.

Dated: August 11, 2015.

BY: _____
Hon. William Alsup
United States District Judge